IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

James Edward Fall, et al.,                                  Case No. 3:08CV3012

                Appellant

      v.                                                            ORDER

Farmers & Merchants State Bank,

                Appellee

**********************************

James Edward Fall, et al.,                                  Case No. 3:09CV304

                Appellant

      v.

Farmers & Merchants Bank, et al.

      This is an appeal from final orders of the United States Bankruptcy Court, which granted 1) relief from stay to the creditor Farmers & Merchants State Bank; and 2) dismissing the bankruptcy on motion of that creditor and another creditor, National City Bank. For the reasons that follow, the decisions of the Bankruptcy Court are affirmed.

**Background**

The debtor, James Edward Fall, owns a strip shopping plaza in which National City has a security interest. Not quite 50% of the space is leased. Two of the nine spaces in the plaza either are or were operated by the debtor's son, Nick Fall. One of those is closed. The other is not generating rent.

In addition, there is a farm which has been in the debtor's family for several generations. It is encumbered by a mortgage held by Farmers & Merchants. For 2008 the farm was barely, if at all profitable.

To the extent that the plaza has been generating any income, it appears that the debtor has used those monies either for personal living expenses or to help underwrite the operation of the farm. The debtor, in other words, seems to be trying to keep two balls in the air when keeping one in motion would be difficult enough, if not impossible.

Nonetheless, the debtor has appealed the Bankruptcy Court's orders.

The parties concur that I review the Bankruptcy Court's finding of facts for clear error its conclusions of law *de novo*, and its decision dismissing the bankruptcy for abuse of discretion.

## Discussion

### 1. Dismissal

Grounds for dismissal of a bankruptcy case for cause are set forth in 11 U.S.C. § 1112(b). These include: 1) substantial or continuing loss to or diminution of the estate and absence of reasonable likelihood of rehabilitation; 2) gross mismanagement of the estate; ) unauthorized use of cash collateral substantially harmful to one or more of the creditors; and 4) failure to comply with an order of court.

2

Although the Bankruptcy Court need only find one of these conditions to exist, the Court in this case found preponderant evidence of all four of these circumstances. The factual basis for each of its findings of cause for dismissal was more than adequate.

### A. Substantial/Continuing Loss: No Reasonable Likelihood of Rehabilitation

Losses as to both properties were clear and continuing, and there was no reasonable hope that things would change. The farm was not profitable, but was kept going, at least in part, with the rents from the plaza. These were insufficient to service the debt to National City. Hopes to generate more rental income were illusory. To some extent those hopes were frustrated by the nepotism of the debtor's son's involvement in their operations. Neither of those was producing income, much less income being applied to the debt encumbering the plaza.

Finding a way out of the morass depended on having the plaza reach its full income-generating potential. That was not, and is not a reasonable prospect under all the circumstances presented to the Bankruptcy Court. Whether, despite current economic conditions and prospects, doing so is feasible is not the issue. What matters is that the debtor was clearly incapable of accomplishing that objective or working towards it in a meaningful and hopeful way.

There was no error in the Court's finding with regard to the first cause element.

### B. Gross Mismanagement

`The debtor's conduct of his affairs with regard to both properties was rife with mismanagement. The primary manifestations of that mismanagement have already been noted – and are amply supported in the record. Using what income was coming in from the plaza to keep the farm going made no sense: doing so was as effective and as sensible as drilling a hole in a swamped lifeboat.

3

Doing so, moreover, constituted diversion of funds that should have been being used for the benefit of the plaza's line holder.

The debtor attributes his actions to his ignorance of his obligations and a general, if not almost genial sense of being able to try to do what he thought best in desperate circumstances. But bad judgment on his part, which shows throughout the record of the proceedings below, is neither an adequate explanation nor an acceptable excuse.

The Bankruptcy Court's finding as to gross mismanagement is fully supported by the record.

### C. Unauthorized Use of Cash Collateral

The record fully supports the Court's finding as to the debtor's unauthorized use of cash collateral. His explanation – that National City concurred in at least some of the ways in which he was shifting what money there was around – does not excuse the lack of authorization from the Bankruptcy Court. The Court, not the bank, alone had authority to approve use of the cash collateral.

### D. Noncompliance With Court Orders

Orders, particularly orders restricting use of cash collateral, were disregarded and disobeyed. Of that there can be no doubt. Here, again, the factual record clearly supports the findings of the Bankruptcy Court.

### 2. Vacation of the Stay

Under 11 U.S.C. § 362(d), a Bankruptcy Court may vacate a stay for cause where there is "the lack of adequate protection of an interest in property" in which a party [in this case, Farmers & Merchants" has an interest.

The Bankruptcy Court found no adequate protection for the bank's interest in the farm. Its appraised value was substantially under the amount owed. The debtor was not making payments on

4

the note. There was no reasonable prospect of securing a replacement lien. To the extent that the farm showed a positive balance after the 2008 harvest, that was so because the debtor was not paying on his mortgage to the bank. The debtor hopes for a good harvest in 2009. But hope and cash in hand, especially under all the circumstances apparent in the record, are hardly one and the same.

### Conclusion

For the foregoing reasons, I find no error by the Bankruptcy Court.

It is, therefore

ORDERED THAT the orders of the United States Bankruptcy Court from which appeal has been taken to this court be, and the same hereby are affirmed.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge